**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4070**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELONTE GREGORY PARKER, a/k/a Trap,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:15-cr-00454-PWG-4)

Submitted: November 8, 2017                     Decided: November 14, 2017

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Christopher M. Davis, Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Nicolas A. Mitchell, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delonte Gregory Parker seeks to appeal his sentence. He pled guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement in which the parties stipulated "that, regardless of the final applicable guidelines range," a sentence of not less than 60 months and not more than 108 months in prison was the appropriate disposition of the case, and the district court imposed a sentence within the stipulated range. On appeal, Parker's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether his sentence is reasonable but concluding that there are no meritorious grounds for appeal. The Government has moved to dismiss the appeal as barred by Parker's appeal waiver. Parker was notified of his right to file a pro se supplemental brief, but he has not done so. We dismiss the appeal.

"'A plea agreement, like any contract, allocates risk.'" *United States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2014) (citation omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that the Government breached its obligations under the plea agreement, the waiver will be enforced to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *Archie*, 771 F.3d at 221 (citations omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full

2

significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks and citation omitted).

Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Parker knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issue that he seeks to appeal is within the scope of the waiver.* Moreover, in accordance with *Anders*, we have reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

---

* We note that even if Parker had not explicitly waived his right to appeal, we would decline to review his sentence imposed pursuant to his Rule 11(c)(1)(C) plea agreement. *See United States v. Williams*, 811 F.3d 621, 624 (4th Cir. 2016).